# Commonwealth *v.* Hessler, Appellant.

*Criminal law—Concealment of birth of bastard child—Evidence.*

On an indictment against a woman for concealing the birth of a bastard child, a conviction will be sustained where the evidence shows that the prisoner wrapped the child in paper and placed it in a suit case with clothing, that she succeeded in concealing the body in this way for two days after the birth, that she intended to carry the child away and bury it, and did not disclose where it was, until the doctor threatened to call in an officer.

Argued Nov. 16, 1908. Appeal, No. 200, Oct. T., 1908, by defendant, from judgment of O. & T. Franklin Co., Feb. T., 1908, No. 5, on verdict of guilty in case of Commonwealth v. Florence Hessler. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for concealing the birth of a bastard child. Before GILLAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which the prisoner was sentenced to one year in the penitentiary. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*O. C. Bowers*, with him *Irvin C. Elder*, for appellant.

*D. Edward Long*, district attorney, for appellee.

OPINION BY MORRISON, J., April 12, 1909:

This is an appeal by the defendant from the judgment in the same case wherein we have filed an opinion this day in the appeal of D. C. Moll at No. 199, October Term, 1908, ante, p. 107. We cannot see that any of the errors mentioned in that opinion could have injured the defendant Florence Hessler who was jointly indicted and tried with Moll. The only assignment of error as to her appeal is that there was, "no evidence

in the case which is sufficient in law to convict her of concealing the death of her bastard child in order that it might not come to light whether it was born dead or alive, or whether it was murdered or not; that the placing of the body of the child in an unlocked suit case, leaving it in plain view for two days in a room, was not a concealment within the eye of the law, and not such a concealment of the child or of the fact of its birth as will support a conviction of the crime charged against her in this indictment, especially in view of the fact that she, when requested by the physician, revealed to him the whereabouts of the body of the child."

We have examined the evidence with care and with a purpose not to sustain a conviction of this unfortunate young girl on insufficient evidence, but our conclusion is that the evidence was sufficient to warrant the jury in finding her guilty. She wrapped the child in paper and placed it in a suit case with clothing, and it is clear from the evidence that it could not have been seen without opening the suit case and probably removing some of the contents. In addition to this, according to the theory of the defense, she did succeed in concealing the child from everybody for two days after its birth, and she did not disclose where it was until the doctor threatened to call in an officer. She says that she intended to carry the child away and bury it, and, if she had not been compelled to call in a doctor, the jury could infer that she might have done this and thus placed it out of the power of anyone to ascertain whether the child was born dead or alive. The case was for the jury and as to this defendant we think it was fairly submitted.

The assignment of error is dismissed and the judgment is affirmed and the court below will cause it to be carried into execution.